IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| TIMOTHY HEADRICK, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 13-cv-1302-JPG |
| ) | |
| RICHARD WATSON, OFFICER CASEY, ) | |
| and OFFICER BUYAK, ) | |
| ) | |
| Defendants. ) | |

# MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff, who is currently incarcerated at the St. Clair County Jail ("the Jail"), has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. He claims that Defendants subjected him to an unconstitutional strip search.

Before his transfer to the Jail, Plaintiff had been a prisoner serving a sentence in the custody of the Illinois Department of Corrections.[1] According to the instant complaint (Doc. 1, p. 2), Plaintiff was transferred to the Jail due to a successful appeal. He arrived at the Jail on October 18, 2013. Upon his arrival, he was ordered inside the building and was made to stand with other inmates and "get naked." *Id*. He was then told to bend over, spread his buttocks, and lift his genitals. Other male officers were observing Plaintiff and the other prisoners while the search took place. *Id*.

Plaintiff names Richard Watson (St. Clair County Sheriff) as a Defendant. The other

---

[1] *See Headrick v. Godinez, et al.*, Case No. 13-cv-1188-MJR (S.D. Ill., filed Nov. 18, 2013) (severed from *Headrick, et al., v. Godinez, et al.*, Case No. 13-cv-919-JPG (S.D. Ill., filed Sept. 6, 2013)). Court documents are, of course, public records of which the Court can take judicial notice. *See Henson v. CSC Credit Servs.*, 29 F.3d 280, 284 (7th Cir. 1994).

Defendants are Correctional Officers Casey and Buyak, both of whom held the rank of "strip search officer," and who were assigned to the Jail's Booking Department (Doc. 1, pp. 1-2).

Plaintiff argues that "upon information and belief strip searches are not to be conducted in front of anyone else but the inmate and the officer conducting the strip search." *Id*.  In support of this claim, he cites 725 Illinois Compiled Statutes 5/103-1(d)(e), and (h).  He adds that the "illegal strip search" violated his rights to be free from unreasonable searches and seizures and from cruel and unusual punishment, under the Fourth and Eighth Amendments (Doc. 1, p. 3).

He seeks declaratory relief, compensatory and punitive damages, and a preliminary and permanent injunction to stop illegal strip searches of Jail inmates.

**Merits Review Pursuant to 28 U.S.C. § 1915A**

Under § 1915A, the Court is required to conduct a prompt threshold review of the complaint, and to dismiss any claims that are frivolous, malicious, fail to state a claim on which relief may be granted, or seek monetary relief from an immune defendant.  After fully considering the allegations in the complaint, the Court concludes that this action is subject to summary dismissal.

Since his discharge from the custody of the Illinois Department of Corrections, Plaintiff's detention status has changed.  He was formerly a convicted felon, but since that conviction has been reversed or vacated, he now is considered a pre-trial detainee.

Courts have recognized that arbitrary or blanket strip searches of pretrial detainees may violate the Constitution.  *See Bell v. Wolfish,* 441 U.S. 520, 558-60 (1979) (search of pretrial detainees after contact visits with outsiders was reasonable); *Calvin v. Sheriff of Will Cnty.*, 405 F. Supp. 2d 933, 938-940 (N.D. Ill. 2005) (noting that "*Bell* did not validate a blanket policy of strip searching pretrial detainees").  *Bell* instructs that in balancing the detainee's constitutional

rights with the security concerns of the institution, courts must consider the scope of the intrusion, the manner in which it is conducted, the justification for initiating it, and the place in which it is conducted. *Bell*, 441 U.S. at 559.

Although civil rights claims brought by detainees arise under the Fourteenth Amendment and not the Eighth Amendment, *see Weiss v. Cooley*, 230 F.3d 1027, 1032 (7th Cir. 2000), the Seventh Circuit has "found it convenient and entirely appropriate to apply the same standard to claims arising under the Fourteenth Amendment (detainees) and Eighth Amendment (convicted prisoners) 'without differentiation.'" *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005) (quoting *Henderson v. Sheahan*, 196 F.3d 839, 845 n. 2 (7th Cir. 1999)).

Strip searches of prisoners that are not related to legitimate security needs, or are conducted in a harassing manner in order to humiliate and inflict psychological pain, may be found unconstitutional under the Eighth Amendment. *Mays v. Springborn*, 719 F.3d 631, 634, (7th Cir. 2013) (group of inmates were strip searched together, gratuitously exposing prisoners' nude bodies to each other, while guards uttered demeaning comments); *Calhoun v. DeTella*, 319 F.3d 936, 939 (7th Cir. 2003) (a strip search conducted in a harassing manner intended to humiliate and inflict psychological pain could violate the Eighth Amendment); *see also Meriwether v. Faulkner*, 821 F.2d 408 (7th Cir. 1987) (allegation of calculated harassment by strip searches stated Eighth Amendment claim), *cert. denied*, 484 U.S. 935 (1987).

The facts in Plaintiff's complaint fail to suggest that the strip search was conducted in an unconstitutional manner. He does not describe any harassing, humiliating, or demeaning comments or behavior on the part of any prison staff. Nor does it appear that the search was performed with the intent to degrade him, or that it was unnecessary in light of legitimate security concerns. The search he challenges was conducted immediately after he arrived at the

Jail, having been transferred from the state prison where he had been incarcerated.  That status raises security concerns that may not be present with a person who arrives at a jail following an arrest by law enforcement officers. The Court presumes that jail officials have a legitimate security need to search prisoners who have been transferred from a state correctional institution, to prevent the introduction of contraband into the facility, and/or to protect the safety of jail staff and other detainees.  Still, even if a valid penological reason existed for the search, "the manner in which the search [was] conducted must itself pass constitutional muster."  *Mays*, 719 F.3d at 634 (quoting *Mays v. Springborn*, 575 F.3d 643, 649 (7th Cir. 2009)).

   Plaintiff objects to the fact that the strip search was performed in the view of other jail officers, and that prisoners were searched together in a group (Doc. 1, p. 2).  However, these facts alone do not violate the Constitution, when none of the allegations suggest that the search was intended to humiliate, harass, or demean Plaintiff.  Without a doubt, being required to undergo a strip search is disagreeable.  Nevertheless, in balancing Plaintiff's constitutional rights with the Jail's security concerns, *see Bell v. Wolfish*, 441 U.S. 520, 559 (1979), the Court concludes that no constitutional violation occurred.

   A search of several prisoners together is not unconstitutional in and of itself.  "[A] prisoner's expectation of privacy is extremely limited in light of the overriding need to maintain institutional order and security."  *Meriwether v. Faulkner*, 821 F.2d 408, 418 (7th Cir. 1987) (citing *Bell*, 441 U.S. at 537).  "There is no question that strip searches may be unpleasant, humiliating, and embarrassing to prisoners, but not every psychological discomfort a prisoner endures amounts to a constitutional violation."  *Calhoun v. DeTella*, 319 F.3d 936, 939 (7th Cir. 2003).  The strip search complained of in *Mays v. Springborn* involved allegations that the plaintiff had been subjected to daily strip searches in view of other inmates in a "freezing"

basement room, by guards who wore dirty latex gloves and who made demeaning comments to the prisoners. *See Mays*, 719 F.3d 631, 634 (7th Cir. 2013); *Mays*, 575 F.3d 643, 649 (7th Cir. 2009). In contrast to that case, Plaintiff herein does not describe any circumstances suggesting that Defendants intended to humiliate him or the other prisoners by searching them as a group on a single occasion. Under the facts of this case, Plaintiff was not subjected to cruel and unusual punishment, nor did the strip search violate the Fourth Amendment.

Plaintiff also claims the search violated an Illinois statute which regulates certain strip searches (725 ILL. COMP. STAT. 5/103-1). However, this argument does not support his civil rights claim. Even if the Defendants' actions had run afoul of the statute, such a violation would not give rise to a constitutional claim upon which relief may be granted. As a general proposition, "[t]he federal government is not the enforcer of state law." *Pasiewicz v. Lake Cnty. Forest Preserve Dist.*, 270 F.3d 520, 526 (7th Cir. 2001); *see also Archie v. City of Racine*, 847 F.2d 1211, 1217 (7th Cir. 1988) (en banc), *cert. denied,* 489 U.S. 1065 (1989). Further, the Seventh Circuit has specifically held that Illinois' enactment of this strip-search statute did not create a federally protected liberty interest. *Kraushaar v. Flanigan*, 45 F.3d 1040, 1047 (7th Cir. 1995). Therefore, even a purported violation of the statute cannot be pursued as a federal claim. *Id*. at 1047-49.

The applicability of this statute to Plaintiff's circumstances is dubious, at best. Section 5/103-1 is entitled "Rights on Arrest." It prohibits strip searches of persons who are arrested for "a traffic, regulatory or misdemeanor offense," unless certain circumstances are present. 725 ILL. COMP. STAT. 5/103-1(c). The statute further provides that if an arrested person is strip searched, the search must be performed where it cannot be observed by others. 725 ILL. COMP. STAT. 5/103-1(e). However, none of the provisions in subsections (c) through (h) (which

includes the sections cited by Plaintiff) apply if the person is in custody pursuant to a court order. 725 ILL. COMP. STAT. 5/103-1(j). Plaintiff, of course, was not at the Jail after having just been arrested. He had been serving a state felony sentence under a court judgment of guilt, which he successfully challenged in court. His continued detention at the Jail appears to be pursuant to a court order, pending further proceedings on that criminal case. As such, the protections contained in Section 5/103-1 would not apply to him. In any event, a challenge based on this Illinois statute, in the absence of any constitutional question, does not belong in this Court.

To summarize, Plaintiff's complaint fails to state a constitutional claim on which relief may be granted. This action shall be dismissed with prejudice.

**Pending Motions**

Plaintiff's motion for leave to proceed in forma pauperis ("IFP") (Doc. 2) shall be addressed in a separate order, following the receipt of the necessary inmate trust fund account records.

Because this case shall be dismissed, the motion for recruitment of counsel (Doc. 3) is **DENIED AS MOOT.**

**Disposition**

This action is **DISMISSED with prejudice** for failure to state a claim upon which relief may be granted.

Plaintiff is **ADVISED** that this dismissal shall count as one of his three allotted "strikes" under the provisions of 28 U.S.C. § 1915(g). Plaintiff's obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee remains due and payable notwithstanding the dismissal of the case. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

If Plaintiff wishes to appeal this dismissal, he may file a notice of appeal with this Court within thirty days of the entry of judgment. FED. R. APP. P. 4(a)(1)(A). A motion for leave to appeal *in forma pauperis* should set forth the issues Plaintiff plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998). Moreover, if the appeal is found to be nonmeritorious, Plaintiff may also incur another "strike." A timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. FED. R. APP. P. 4(a)(4).

The Clerk shall **CLOSE THIS CASE** and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED: December 26, 2013**

*s/ J. Phil Gilbert*  
United States District Judge